# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-219V
**Filed: September 20, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TATE TAKAHASHI, | UNPUBLISHED |
| Petitioners, | Special Master Gowen |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Diana S. Sedar</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
<u>Ryan D. Pyles</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 4, 2015, Tate Takahashi ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that he developed transverse myelitis as a result of receiving an influenza ("flu") vaccine on October 17, 2013. Petition at ¶¶ 1, 15. On July 18, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation, and a Decision awarding compensation pursuant to the terms of the stipulation was issued that same day.

On September 19, 2016, petitioners filed an unopposed motion for attorneys' fees and costs, requesting $28,273.49 in attorneys' fees and costs. Pet. Mot. at 1. In compliance with

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

General Order #9, petitioner states that he did not incur any costs related to the litigation of this matter. Pet. Mot. ¶ 4; Pet. Ex. 13, Statement Regarding Fees and Costs. Petitioner's application states: "[i]n informal discussions, Respondent raised objections to certain items. Petitioner has amended Petitioner's motion in this matter to request reimbursement for case costs and payment of attorneys' fees in the amount of $28,273.49." Pet. Mot. at ¶ 3. Petitioner's application further states that "Respondent does not object to the reimbursement of Petitioner's above case costs and payment of Petitioner's above attorneys' fees." Id. at ¶ 5.

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Based on the reasonableness of petitioners' request, the undersigned **GRANTS** the request for approval and payment of supplemental attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

**(1)     A lump sum of $28,273.49, payable jointly to petitioner and petitioner's counsel, Diana L. Stadelnikas Sedar of Maglio Christopher & Toale, PA, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.